IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent/Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-40030-JAR |
| | ) | 15-4848-JAR |
| TAJUAN CARVELL BROOKS, | ) | |
| Petitioner/Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner TaJuan Carvell Brooks' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 79).  The Government has responded (Doc. 82) by moving for dismissal of the motion as untimely because it was filed outside the applicable statute of limitations.  After a careful review of the record and the arguments presented, the Court grants the Government's motion.

## I.    Background

Petitioner was found in possession of 24.9 grams of cocaine base, two firearms, and two devices similar to pipe bombs that were not registered with the ATF.  Petitioner had two previous drug convictions under Kansas law.  Petitioner was charged with one count of possession with intent to distribute cocaine, one count of being a felon in possession of a firearm, one count of being a felon in possession of a destructive device, one count of possession of non-registered firearms, and one count of possession of a firearm in furtherance of a drug trafficking crime.[1]  Petitioner's attorney, Cheryl Pilate, filed two motions seeking to dismiss charges (one motion to dismiss the felon in possession of a firearm as the previous convictions were minor drug offenses and one motion to dismiss counts relating to pipe bomb, which had

---

[1]Doc. 1.

been destroyed).[2]  On July 23, 2012, Petitioner entered a guilty plea to the drug, firearms, and

explosive devices counts.[3]  Petitioner's motions were withdrawn as part of the Plea Agreement.

This Court imposed a sentence of 120 month's custody, in accordance with the parties Plea

Agreement.[4]

Petitioner filed a direct appeal on November 12, 2012.[5]  The Tenth Circuit Court of

Appeals granted the Government's motion and dismissed the appeal on the basis that Petitioner

waived his right to appeal either his conviction or his sentence in the plea agreement.[6]  The

Tenth Circuit's analysis also concluded that there was no miscarriage of justice to enforce the

waiver of appeal.[7]  This decision was filed on March 15, 2013, and the mandate issued April 8,

2013.[8]  Petitioner did not file a petition for writ of certiorari with the United States Supreme

Court.  The instant petition was filed on February 2, 2015.[9]  Petitioner alleges that Pilate

provided ineffective assistance of counsel by failing to investigate the case and possible

defenses.[10]

---

[2]Docs. 29, 31.

[3]Plea Agr. Doc. 48.

[4]Doc. 57.

[5]Doc. 59.

[6]*United States v. Brooks*, 513 F. App'x 723, 724 (10th Cir. 2013) (per curium).

[7]*Id.*

[8]Doc. 71.

[9]Doc. 79.

[10]*Id.*

## II.      Standard

This petition is governed by 28 U.S.C. § 2255.  28 U.S.C. § 2255(a) states: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."[11]  An evidentiary hearing must be granted on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[12]  A filing made by a pro se party is to be liberally construed.[13]  A court must give weight to an argument advanced by a pro se party even though that argument may not cite legal authority, be well written, or follow standard pleading requirements.[14]  However, it is not the role of the court to act as an advocate for a pro se party.[15]

## III.     Discussion

A prisoner has one year in which to file a § 2255 petition after the latest of the following:

> (1)  the date on which the judgment of conviction becomes final;
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[11] 28 U.S.C. § 2255(a).

[12] 28 U.S.C. § 2255(b).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *Id.*

[15] *Id.*

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[16]

Petitioner has not alleged impediments created by the Government, a newly recognized right created by the Supreme Court, or the existence of new facts.  This leaves the date of final judgment as the date used to measure the one-year period.  Petitioner's appeal to the Tenth Circuit Court of Appeals was denied on March 15, 2013.  A writ of certiorari must be filed with the clerk of the Supreme Court within ninety days after the entry of judgment of an appellate court.[17]  Time is measured from the date of judgment and not the date of the mandate.[18] Petitioner's sentence would have become final on June 14, 2013.  As such, Petitioner would have needed to file a petition for habeas corpus on or before June 14, 2014, or one year and ninety days after the Tenth Circuit issued its judgment.  As Petitioner filed this motion in February 2015, the time period in which to file a motion had expired.

Nor does the equitable tolling doctrine provide any relief for Petitioner.  A defendant is entitled to equitable tolling in the one year period if two circumstances are met.[19]  A petitioner must prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[20]  Equitable tolling is only available in exceptional circumstances where the circumstances were beyond the petitioner's control.[21]  Examples of

---

[16]28 U.S.C. § 2255(f).

[17]Sup. Ct. R. 13(1).

[18]Sup. Ct. R. 13(3).

[19]*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

[20]*Id.*

[21]*Id.*

exceptional circumstances can include: "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances— prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."[22]  Ignorance of the law and excusable neglect are not enough to qualify as an exceptional circumstance.[23]  Egregious attorney conduct may constitute an exceptional circumstance.[24]

Petitioner has not met the standard necessary for equitable tolling.  Petitioner has provided no evidence that he has diligently pursued his rights.  The record shows that Petitioner filed a motion to proceed *in forma pauperis* ("IFP")  on September 22, 2014.[25]  This motion was denied without prejudice, as no 28 U.S.C. § 2255 petition had been filed.[26]  Even under the theory that this constitutes a defective § 2255 pleading, it was still filed outside of the statutory period, as Petitioner's initial motion to proceed IFP was filed on September 22, 2014, three months past the limitations period.  Petitioner has provided no other evidence to show diligent work to pursue his rights.  Petitioner's active pursuit of judicial remedies has come too late.

Nor has Petitioner alleged sufficient facts to show that his attorney's actions were sufficiently egregious to constitute an exceptional circumstance.  During the underlying proceedings, Pilate filed two motions to dispose of multiple charges.  One of these motions would have rendered investigation into the origin of the explosive device, as requested by

---

[22]*Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (internal citations omitted).

[23]*Id.*

[24]*Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007).

[25]Doc. 77.

[26]Doc. 78.

Petitioner, moot.  Petitioner pled guilty to the charges before a ruling on the motions was given.

Additionally, Petitioner does not claim to have been represented by an attorney during the time

period between the appeal and this motion.  As such, there does not appear to be any egregious

conduct by an attorney during the time in which Petitioner could have filed a habeas petition.

Accordingly, the Government's motion to dismiss Petitioner's motion as untimely is granted.

## III.    Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings

requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling

adverse to the petitioner.  In order to receive a COA, a petitioner must make a "substantial

showing of the denial of a constitutional right."[27]  A petitioner can meet this standard by showing

that a group of reasonable jurists could conclude that the issues presented are deserving of

further proceedings.[28]  A petitioner must prove something more than "mere frivolity"[29] but need

not show that an appeal would be successful.[30]  This threshold inquiry does not require a full

examination of the factual basis.[31]  For the reasons previously set out in this Memorandum and

Order, Petitioner has not made a substantial showing of the denial of a constitutional right and

the Court denies a COA as to its ruling dismissing his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion to

Dismiss (Doc. 82) is GRANTED; Petitioner's Motion to Vacate Pursuant to 28 U.S.C. § 2255

---

[27]28 U.S.C. § 2253(c)(2)

[28]*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

[29]*Id.* at 338.

[30]*Id.*

[31]*Id.* at 336.

(Doc. 79) is DISMISSED; Petitioner is also denied a COA.

**IT IS SO ORDERED.**

Dated: June 19, 2015

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE